UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06144-RGK-JPR | Date | July 31, 2020 |
|---|---|---|---|
| Title | *Norma Leticia Quinones v. FCA US LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) Order Remanding Action to State Court

### I. INTRODUCTION

On May 28, 2020, Plaintiff Norma Leticia Quinones ("Plaintiff") filed a Complaint against Defendants FCA US LLC ("FCA" or "Defendant") and Rogers and Rogers Chrysler Jeep Dodge alleging violations of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301 *et seq.*) and the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*). Plaintiff's allegations arise from the purchase of a 2018 Jeep Cherokee Latitude.

On July 9, 2020, FCA removed the action to this Court on federal question and diversity jurisdiction grounds. The following day, FCA filed a Corrected Notice of Removal. Upon review of the Corrected Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

### II. DISCUSSION

#### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, a district court shall have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." A federal question claim brought under the Magnuson-Moss Warranty Act also requires that the amount in controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06144-RGK-JPR | Date | July 31, 2020 |
|---|---|---|---|
| Title | *Norma Leticia Quinones v. FCA US LLC et al* | | |

1992). Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

Here, Plaintiff seeks restitution for all money paid, incidental and consequential damages, reasonable attorneys' fees, and civil penalties. In the Notice of Removal, Defendant asserts that Plaintiff's Magnuson-Moss claim arises out of federal law and that the amount in controversy exceeds $50,000.[1] In support, Defendant states that Plaintiff seeks damages in the order of $30,000 (the total cash price paid by Plaintiff for the vehicle), a civil penalty of $60,000 (two times the actual damages), and attorneys' fees totaling approximately $35,000.

Defendant, however, fails to demonstrate that the amount in controversy exceeds $50,000 by a preponderance of the evidence. First, although Defendant submits evidence that Plaintiff paid $30,000 for the vehicle, this amount does not necessarily reflect the amount in controversy because the value that Plaintiff is entitled to recover is reduced to account for Plaintiff's use of the vehicle. *See Moreno v. GM Co.*, No. 2:09-cv-00602 JWS, 2010 U.S. Dist. LEXIS 3672, at *8–9 (D. Ariz. Jan. 15, 2010) (applying the formula set forth in *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402 (7th Cir. 2004)). Without information about Plaintiff's use of the vehicle (such as the number of miles driven), the Court is left with considerable doubt as to the amount in controversy. *See Tokmakova v. Volkswagen Group of Am., Inc.*, 12-cv-04666 SJO, 2012 U.S. Dist. LEXIS 109164, at *7 (C.D. Cal. Aug. 1, 2012).

Plaintiff's request for attorneys' fees and civil penalties are also insufficient to satisfy the amount in controversy. Attorneys' fees are "costs and interests" within the definition of the Magnuson-Moss Warranty Act and are therefore excluded from the amount-in-controversy calculation. *Accord Moreno*, 2010 U.S. Dist. LEXIS 3672, at *3 n.9 (citing *Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1271–72 (11th Cir. 1998) (collecting authorities)). Moreover, while civil penalties are available for *willful* failure to comply with the Song-Beverly Act, Defendant has not offered any evidence of willfulness which might support such an award.

Accordingly, the Court finds that Defendant has not satisfied its burden of demonstrating by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement in the Magnuson-Moss Warranty Act.

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co. of Reading*, 12-cv-0131 AWI, 2012 U.S. Dist. LEXIS 80651, at *13–17

---

[1] Defendants do not actually address the Magnuson-Moss Warranty Act's $50,000 amount in controversy. Instead, Defendants address only the diversity statute's $75,000 amount in controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06144-RGK-JPR | Date | July 31, 2020 |
|---|---|---|---|
| Title | *Norma Leticia Quinones v. FCA US LLC et al* | | |

(E.D. Ca. June 8, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel, and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, C14-214 RAJ, 2014 U.S. Dist. LEXIS 80509, at *10 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion in the amount in controversy.

For the reasons explained above, the Court finds that Defendant has not satisfied its burden of demonstrating that the amount in controversy exceeds $75,000 for diversity jurisdiction. Defendant's assertions regarding Plaintiff's actual damages, attorneys' fees, and civil penalties are merely speculative.

### III. CONCLUSION

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____